LAW OFFICES
OF
CURTIS V. TRINKO, LLP

16 WEST 46TH STREET
7TH FLOOR
NEW YORK, NEW YORK 10036
—
TELEPHONE (212) 490-9550

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 7/28/2016

FAX NO. (212) 986-0158
EMAIL: CTRINKO@TRINKO.COM

July 27, 2016

**BY ECF**

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
Courtroom 619
New York, New York 10007-1312

> Defendants CHOP and Edelson are directed to submit a written response not longer than 3 pages by August 4, 2016.
>
> SO ORDERED.      Edgardo Ramos, U.S.D.J
>                  Dated: ___7/28/2016___
>                  New York, New York

Re: **Pehlivanian v. China Gerui Advanced Materials Group, Ltd., 14-CV-9443(ER)**

Dear Judge Ramos:

We are the counsel for Lead Plaintiff Aram J. Pehlivanian ("Pehlivanian"), the named plaintiff in the above-referenced action ("Action"). We write, pursuant to Section 2(A)(ii) of Your Honor's Individual Practices, to request leave to submit a Motion For Alternative Service Of Process Pursuant To Federal Rule Of Civil Procedure 4(f)(3), or, in the alternative, the scheduling of a pre-motion conference to discuss the submission of such a motion.

The underlying Action is fashioned as a federal securities class action on behalf of all persons or entities that purchased shares of China Gerui Advanced Materials Group Ltd. (public trading symbol "CHOP") against CHOP, and its directors and officers, for violations of the federal securities laws. This Action is brought on behalf of all persons or entities that purchased shares of CHOP stock between March 17, 2009 and June 16, 2016, the date of the Third Amended Class Action Complaint (the "Class Period").

As the Court recalls, one of the Individual Defendants, Harry Edelson, was served on December 22, 2014, and the corporate Defendant CHOP was served at its registered agent in the British Virgin Islands on February 2, 2015. The other seven (7) Individual Defendants purportedly reside in the People's Republic of China, upon whom Pehlivanian has been attempting service of process under the Hague Convention for the past several years, but said Individual Defendants have not yet been served. By means of letters directed to Your Honor, our firm has requested extensions of the time period to effectuate service of process upon the 7 remaining Individual Defendants, and an extension of time for the service of process up to December 1, 2016 has been granted by the Court. Copies of the letters dated March 16, 2015, September 11, 2015, March 17, 2016, and June 17, 2016 are annexed hereto as Exhibits A

Case 1:14-cv-09443-ER  Document 68  Filed 07/27/16  Page 2 of 4

Hon. Edgardo Ramos                                                June 27, 2016
Page 2 of 4

through D, respectively.

However, even though Confidential Global Investigations is much more professional and thorough in its approach to the service of process, and possesses extensive experience in China regarding the service of process, that firm is still experiencing great difficulties in locating exact street addresses for the residential and/or business locations of the remaining 7 Individual Defendants. And, service of process under the Hague Convention is impossible if an accurate residential and/or business street address cannot be located. Accordingly, even though Plaintiff's Counsel has spent in excess of $37,000 on the translation of pleadings and service of process upon the remaining 7 Individual Defendants, none of these individuals have yet been served.

In researching other recent China-based securities fraud and breach of fiduciary duty litigations, most plaintiff's counsel have experienced severe prejudice with the inordinate delays caused by these service of process issues in China, as well as the accompanying substantial impediments to the efficient and timely prosecution of these claims in federal courts across the nation. However, many of the plaintiffs' attorneys are now requesting the federal judiciary to remedy this procedural morass by requesting leave to effect service upon Individual Defendants in China by alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). Specifically, Lead Plaintiff Pehlivanian seeks leave to effect service of process upon the remaining 7 Individual Defendants through one or a combination of the following proposed methods:

1 – On the legal counsel ("Pillsbury Winthrop Shaw Pittman LLP" or "Pillsbury") that have represented CHOP and the Company's executive management from 2009 to date in regard to its official business affairs, which includes the 7 Individual Defendants in China, who comprise the Company's present Board of Directors[1]. The Court should note that Plaintiff's Counsel has requested Pillsbury on numerous occasions to accept service of process on behalf of these Seven Individual Defendants, but Pillsbury has never responded affirmatively or negatively; and/or upon

2 – CHOP's corporate registered agent in the British Virgin Islands, is entitled "TMF (BVI) Ltd." Annexed as Exhibit E is the receipt from the Registry Of The Supreme Court for the service of process upon CHOP's registered agent. Said service of process would include instructions to CHOP to forward these materials to the Individual Defendants[2] at their home addresses, which CHOP presumably knows or can determine.

Moreover, Pillsbury officially represents CHOP in this Action, and obviously consults with the Company's executive management regarding this representation. In addition, the Individual Defendants and CHOP have continually indicated to the investing public that Pillsbury officially represents the Company and its Board of Directors. Moreover, the Company's executive management is aware of this litigation. In the context of an investor conference call, both Defendants Mingwang Lu and Edward Meng indicated that they were fully

---

[1] Defendant Harry Edelson resigned from the Board in March, 2016.
[2] The China-based Individual Defendants include Mingwang Lu, Edward Meng, Yi Lu, J.P. Huang, Kwok Keung Wong, Yunlong Wang, and Maotong Xu.

Hon. Edgardo Ramos                                July 27, 2016
Page 3 of 4

aware of this lawsuit. See Earnings Call Transcript for 3rd Quarter 2014 results, with Individual Defendants Mingwang Lu and Edward Meng participating:

> Question: What is the Company's view of the recent class action lawsuit.
>
> Answer: We're aware of an individual who has filed a class action lawsuit in New York, and a subsequent proposal for various other terms. However, no formal court notice has been received by the Company, and the Company believes that the lawsuit is without merits and [indiscernible] as appropriate and as a device by our legal council.

The Pillsbury firm has been specifically identified in SEC and other official filings from 2009 – 2014 as being the Company's and management's legal counsel. Moreover, we are proposing that the service of process upon the Individual Defendants would also be undertaken by serving these papers upon the registered agent for CHOP in the British Virgin Islands, with instructions to CHOP to forward service of process to the Individual Defendants at their home addresses.

This alternative service of process would comport with U.S. Constitutional principles of Due Process, and all applicable international agreements, especially since the Individual Defendants have publicly admitted their knowledge of this litigation, as well as the factual and legal allegations pleaded by Lead Plaintiff against CHOP and the Individual Defendants.

Rather than waste more years of the Court's valuable resources in attempting to definitively determine appropriate addresses for service on the Individual Defendants on Mainland China, we are proposing that pragmatism should now be utilized to press forward with the prosecution of this Action.

Alternative service under Federal Rule of Civil Procedure 4(f)(3) is permitted by the federal judiciary if it is directed by the Court, it is not prohibited by applicable international agreements, and comports with constitutional notions of due process.

Accordingly, we respectfully request leave to file a motion for the Alternative Service Of Process Under Federal Rule Of Civil Procedure 4(f)(3), or in the alternative, for the scheduling of a pre-motion conference to discuss the necessity for the submission of such a motion.

Respectfully submitted,

Curtis V. Trinko

cc:     David M. Furbush (By ECF and Email)

Case 1:14-cv-09445-ER   Document 68   Filed 07/27/16   Page 4 of 4

Hon. Edgardo Ramos                                                    July 27, 2016
Page 4 of 4

      Aram Pehlivanian (By Email)
      Robert Seiden ( By Email)