

Pillsbury Winthrop Shaw Pittman LLP
2550 Hanover Street | Palo Alto, CA 94304-1115 | tel 650.233.4500 | fax 650.233.4545

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#
DATE FILED: 8/5/2016

David M. Furbush
tel: 650.233.4623
david.furbush@pillsburylaw.com

August 4, 2016

**By ECF**

Honorable Edgardo Ramos
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square, Courtroom 619
New York, New York 10007

> The Court grants Defendants' request to defer consideration of Plaintiff's request for leave to file a motion for alternative service of process until after the Court rules on Defendants' pending motion to dismiss. The Clerk of the Court is respectfully directed to terminate the motion, Doc. 68.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: __8/5/2016_____
> New York, New York

Re: **Pehlivanian v. China Gerui Advanced Materials Group, Ltd.,
Civil Action No. 14-CV-9443 (ER)**

Dear Judge Ramos:

We represent defendants Harry Edelson and China Gerui Advanced Materials Group, Ltd. ("CHOP," and together with Mr. Edelson, "Defendants") in the above-captioned proceeding. We write to oppose plaintiff Aram J. Pehlivanian's ("Plaintiff") letter, dated July 27, 2016, requesting leave to submit a motion approving alternative service of process on individual defendants Mingwang Lu, Edward Meng, Yi Lu, J.P. Huang, Kwok Keung Wong, Yunlong Wang, and Maotong Xu (the "Individual Chinese Defendants") pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Rule 4(f)(3)"), or, in the alternative, the scheduling of a pre-motion conference to discuss the submission of such a motion (ECF No. 68) ("Plaintiff's Letter"). Plaintiff's Letter proposes one or more of the following methods of alternative service on the Individual Chinese Defendants: (1) service on CHOP's registered agent, with "instructions to CHOP to forward these materials to the [Individual Chinese Defendants] at their home addresses"; and/or (2) service on CHOP's and Mr. Edelson's counsel Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury"). (Plaintiff's Letter, at 2.) Plaintiff has not come close to showing that the prerequisites for alternative service of process have been satisfied, nor that Plaintiff's proposed alternative service methods comply with the substantive requirements of Rule 4(f)(3).

*First*, Plaintiff has failed to demonstrate that alternative service is necessary here. "[D]istrict courts in this Circuit generally impose two . . . threshold requirements before authorizing service under Rule 4(f)(3): (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Devi v. Rajapaska*, No. 11 CIV. 6634 NRB, 2012 WL 309605, at *1 (S.D.N.Y. Jan. 31, 2012) (citing cases). Thus, in *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,

Case 1:14-cv-09443-ER Document 74 Filed 08/05/16 Page 2 of 3
Case 1:14-cv-09443-ER Document 73 Filed 08/04/16 Page 2 of 3

Honorable Edgardo Ramos
August 4, 2016
Page 2

265 F.R.D. 106 (S.D.N.Y. 2010), the district court held that plaintiffs failed to meet their "threshold requirement of reasonably attempting to effect service on defendants" where they merely stated that, "according to [plaintiffs' process server] Process Forwarding International, no individuals have been served successfully in Nigeria, Uganda, or Ghana using letters rogatory," but plaintiffs "submit[ted] no proof to support that this representation actually was made and, more importantly, that its conclusion is accurate. *Plaintiff's unsupported statements do not constitute a reasonable attempt to effectuate service that courts in this Circuit require before obtaining the Court's assistance*." *Id.* at 116 (emphasis added).

Plaintiff's Letter indicates that Plaintiff, like the plaintiffs in *Madu*, will be unable to satisfy these threshold requirements. Plaintiff's Letter (and the correspondence attached thereto) at most states that (i) Plaintiff has retained the process server Confidential Global Investigations ("CGI") to serve the Individual Chinese Defendants; (ii) CGI is "much more professional and thorough in its approach to the service of process, and possesses extensive experience in China regarding the service of process"; and (iii) CGI has "experience[ed] great difficulties in locating exact street addresses for the residential and/or business locations of the [Individual Chinese Defendants]." (Plaintiff's Letter, at 2.) Mere retention of a process server, however, does not demonstrate that Plaintiff has reasonably attempted to effectuate service on the Individual Chinese Defendants: Plaintiff nowhere describes the specific steps that CGI has undertaken to locate the Individual Chinese Defendants, nor explained why those efforts have been unsuccessful.[1] Moreover, Plaintiff fails to identify or quote from any specific communications from CGI to support that CGI made the representation Plaintiff attributes to it. Plaintiff's self-serving generalizations are insufficient to establish the necessity for district court intervention.

*Second*, the alternative service of process that Plaintiff now proposes involves methods that are prohibited by international agreement and, in turn, Rule 4(f)(3). Rule 4(f)(3) allows "service by other means *not prohibited by international agreement*, as the court orders." Fed. R. Civ. P. 4(f)(3) (emphasis added). Rule 4(f)(3) does not allow for service of process by mail in China because "the People's Republic of China has objected to the methods of service set out in Article 10 of the Hague Convention." *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331 (S.D.N.Y. 2015).[2] "[S]uch service is, at least arguably, 'prohibited by international agreement.'"

---

[1] Indeed, Exhibit C to Plaintiff's Letter (Plaintiff's March 17, 2016 letter to the Court requesting a further extension of time to effect service of process) demonstrates that it was only in *February 2016* that Plaintiff's previous process server, Legal Language Services, reported that it was unable to serve the Individual Chinese Defendants at CHOP's business address. Thus, contrary to the impression created by Plaintiff's Letter, neither Plaintiff nor CGI have been struggling to ascertain addresses for the Individual Chinese Defendants since 2014; this effort has been pending for, at most, five months. Moreover, the Third Amended Complaint was only filed on June 16, 2016, so Plaintiff cannot have been attempting to serve that pleading for more than a month and a half. These facts refute any notion that Plaintiff has reasonably attempted to serve the Individual Chinese Defendants.

[2] *See* Hague Service Convention (Nov. 15, 1965) art. 10(a) ("*Provided the State of destination does not object*, the present Convention shall not interfere with . . . the freedom to send judicial documents, by postal channels, directly to persons abroad") (emphasis added); Declarations and Notifications of the People's Republic of China, *available at* https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=393&disp=resdn

Honorable Edgardo Ramos
August 4, 2016
Page 3

*Id.* (quoting Fed. R. Civ. P. 4(f)(3)).  Here, Plaintiff proposes that the Court allow Plaintiff to serve process on CHOP's registered agent with instructions to mail these materials to the home addresses of the Individual Chinese Defendants.  It is apparent that Plaintiff is trying to skirt the Hague Convention's prohibition on service by mail on defendants in China by requiring CHOP itself to conduct this forbidden act.  Defendants respectfully submit that this Court should not allow Plaintiff to misuse Rule 4(f)(3) to circumvent a binding treaty.

*Third*, service via Pillsbury is improper because Plaintiff has failed to show that such a method will give the Individual Chinese Defendants adequate notice of, and an opportunity to rebut, Plaintiff's claims.  A method of alternate service under Rule 4(f)(3) must "comport with constitutional notions of due process, which require notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Madu*, 265 F.R.D. at 116.  District courts have repeatedly declined to permit service through a co-defendant's attorney where the plaintiff fails to demonstrate that the foreign defendant would receive adequate notice.[3]  Here, it is undisputed that Pillsbury does not represent the Individual Chinese Defendants, and Plaintiff offers no support for his assertion that Pillsbury "obviously consults" with the Individual Chinese Defendants.  Plaintiff cannot satisfy his burden through mere conjecture.

Accordingly, Defendants respectfully request that Your Honor decline to grant Plaintiff leave to make a motion for alternative service of process or schedule a pre-motion conference.  To the extent that this Court is inclined to allow such a motion, though, Defendants request that Your Honor defer consideration of Plaintiff's Letter until after the Court decides Defendants' pending motion to dismiss (ECF Nos. 70-72).  This Court has already granted Defendants' two previous motions to dismiss with leave to amend, and further stated in its last order of dismissal that "Plaintiff will not be given unlimited bites at the apple." (ECF No. 59, at 26.)  If this Court dismisses the present action with prejudice, then the issue of alternative service of process will be moot and the Court can avoid ruling on such a motion.

Respectfully submitted,

/s/ David M. Furbush

David M. Furbush

cc:  All Counsel of Record

---

("oppos[ing] the service of documents in the territory of the People's Republic of China by the methods provided by Article 10 of the Convention").

[3] *See, e.g.*, *Madu*, 265 F.R.D. at 116-17 (denying motion for alternative service on foreign individual defendants via co-defendant's U.S. counsel where plaintiffs failed to show that "there has been adequate communication between the foreign defendant[s] and the lawyer"); *U.S. Commodity Futures Trading Comm'n v. Aliaga*, 272 F.R.D. 617, 621 (S.D. Fla. 2011) (refusing to permit service of process on wife through husband's counsel where plaintiff failed to "present[ ] evidence that [the spouses] in fact do reside together and are in regular contact").